UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x
                                                             :
EQUAL EMPLOYMENT OPPORTUNITY                                 :
COMMISSION,                                                  :
                                                             :
                                                             :   Civil Action No.3:10-04126-JP-DEA
                              Plaintiff,                     :
                                                             :
        -against-                                            :
                                                             :
PRINCETON HEALTHCARE SYSTEM,                                 :
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------x

---

## EEOC'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

---

Motion Day: May 16, 2011

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
One Newark Center, 21st Floor
Newark, N.J. 07102
rosemary.disavino@eeoc.gov
(973) 645-6430

On the Brief: Rosemary DiSavino

## *Table of Contents*

Preliminary Statement ................................................................ 1

Relevant Procedural Background ................................................. 2

ARGUMENT

I.   THE COURT SHOULD GRANT EEOC DISCOVERY FOR
     THE PERIOD OF JANUARY 1, 2000 TO THE PRESENT
     SO THAT EEOC MAY PURSUE A REMEDY FOR THE
     ENTIRE CLASS OF HARMED PARTIES ............................ 6

     A.   The Temporal Scope of EEOC's Discovery Requests
          Is Reasonable Under Applicable Law ........................... 7

     B.   EEOC May Seek Relief for the Entire Class of
          Harmed Individuals ...................................................... 9

II.  THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE
     THE FUNDAMENTAL, DISPUTED DISCOVERY SINCE
     DEFENDANT CANNOT SHOW THAT PRODUCTION WOULD
     BE UNDULY BURDENSOME ............................................. 10

Conclusion ........................................................................... 13

## *Table of Authorities*

*Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) .................... 7, 8

*EEOC v. Dial Corp.*, 156 F.Supp. 2d 926 (N.D. 2011 2001) ................. 9

*EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F. 3d 448 (6th Cir. 1999) ......... 9

*EEOC v. Gen. Elec. Co.*, 532 F.2d 359 (4th Cir. 1979) ...................... 9

*EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975) ............... 9

*EEOC v. LA Weight Loss*, 509 F. Supp. 2d 257 (D.Md. 2007) ................ 9

*EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F.Supp. 1059 (C.D. Ill. 1998) ... 9

*EEOC v. Rymer Foods, Inc.*, 1989 U.S. Dist. LEXIS 9003 (N.D. Ill. July 28, 1989) .. 9

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) ................................ 9

*EEOC v. Sterling Jewelers, Inc.*, 2009 U.S. Dist. LEXIS 12210
   (W.D.N.Y. Oct. 1, 2009) ............................................ 9

*EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117
   (D.Nev. 2007) ..................................................... 9

*EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) ......................... 9

*EEOC v. Wilson Metal Casket Co.*, 24 F. 3d 836 (6th Cir. 1994) .............. 9

*Gen.Tel.Co., v. EEOC*, 446 U.S. 318 (1980) .............................. 9

*Harris v. Public Service Elec. & Gas Co.*, 2007 U.S. Dist. LEXIS 5412
   (D.N.J. Jan. 24, 2007) .............................................. 7, 8

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977)

*James v. Newspaper Agency Corp.*, 591 F. 2d 579 (10th Cir. 1979) ............. 7

*Kresesky v. Panasonic Comm. & Sys. Co.*, 169 F.R.D. 54 (D.N.J. 1996) ........ 7

*Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62 (E.D. Mo 1995) ................ 7

*McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D. Pa. 1979) ................. 8

## *Table of Authorities*
*-con't-*

*Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643 (E.D. Pa. 2000) . . . . . .   8

*Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628 (E.D. Pa. 1977) . . . . . . . . . .   8

*Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355 (1977) . . . . . . . . . . . . . . .   9

*Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49 (D.N.J. 1985) . . . . . . . . . . . .   7, 8

*Salamone v. Carter's Retail, Inc.*, Docket No.09-5856, 2011 U.S. Dist.
   LEXIS 8425 (D.N.J. Jan. 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Sempier v. Johnson & Higgins*, 45 F.3d 724 (3d Cir. 1995),
   cert. denied, 515 U.S. 1159 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Stevenson v. Gen. Elec. Co.*, 1978 U.S. Dist. LEXIS 15133
   (S.D. Ohio Oct. 4, 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153 (D.D.C. 2003) . . . . . . . . . . . .   8

*Wilson v. International Flavors & Fragrances, Inc.*, 2010 U.S. Dist.
   LEXIS 43405 (D.N.J. May 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

## Preliminary Statement

EEOC asks the Court to order Defendant to produce information regarding employees who requested leave or a reasonable accommodation, so that EEOC may identify the class of individuals harmed by Defendant's discriminatory policies. EEOC seeks such information dating from 2000 to the present in order to ascertain how Defendant's policies affected its employees before and into the charge-filing period. Such documents are vital to EEOC's ability to pursue this litigation, an interest that outweighs any claim of logistical undue burden on Defendant's part.

EEOC brought this "pattern-or-practice" case to correct Defendant's policies and practices that discriminate against a class of Defendant's employees and former employees on the basis of disability in violation of the Americans With Disabilities Act, as amended, ("ADA"),[1] to seek redress for the class of persons harmed by such policies, and to seek injunctive relief to ensure that Defendant's policies are modified in accordance with the ADA. Specifically, Defendant's policies and practices discriminate against disabled employees by restricting consideration of requests for leave solely to the eligibility confines of the Family and Medical Leave Act ("FMLA"), without engaging in the interactive process, and without individualized consideration of whether the request is reasonable within the meaning of the ADA. Further, disabled employees who request or require more than seven consecutive days off are subject to disciplinary action, including immediate termination.

Under Defendant's discriminatory and inflexible policies and practices:

---

[1] The ADA was amended effective January 1, 2009. "ADA" as used herein refers to the statute both pre and post amendments.

1

(1) an employee who requires a leave of absence as a reasonable accommodation who is deemed ineligible for leave under the FMLA is summarily terminated;[2]

(2) an employee who is unable to return to work after having exhausted his or her entitlement to leave under the FMLA is summarily terminated, regardless of how much additional time off is needed;

(3) an employee who is ineligible for leave under the FMLA is summarily terminated if he or she is absent for more than seven calendar days;

(4) employees are subject to progressive discipline as a result of absence, without consideration to and regardless of, whether the absences are related to the employee's disability; and

(5) Defendant does not engage in the interactive process with employees who request leave as a reasonable accommodation.

DiSavino Dec., Exhibit A.

The effect of the complained-of policies and practices is to deprive a class of current and former employees covered by the ADA of equal employment opportunities and to otherwise adversely affect their employment because of their status as persons with disabilities.

*Relevant Procedural Background*

The EEOC administrative investigation commenced with the filing of a charge by Suzanne F. Nydick on July 31, 2007 (hereinafter, "the Nydick charge"). DiSavino Dec., Exhibit B. The charge alleged, *inter alia*, that Defendant violated the ADA when it notified Ms. Nydick on May 11, 2007 that her request for a medically-necessary leave was denied solely on grounds

---

[2] The FMLA permits an employee who has worked a minimum 1250 hours within the preceding twelve months up to twelve weeks of leave necessitated by the employee's own serious medical condition. 29 U.S.C. § 2601, *et seq*. Defendant's policy provides that employees who have been employed less than one year, have worked less than 1250 hours or have exhausted their annual entitlement be summarily terminated. Declaration of Rosemary DiSavino (DiSavino Dec.), attached, Exhibit A.

that she did not meet the eligibility requirements of the FMLA and that, as a result, she would be terminated on the eighth day of her absence. *Id.* Ms. Nydick was taken out of work by her physician on June 8, 2007. On June 19, 2007, in accordance with its policy and without engaging in the interactive process with Ms. Nydick, Defendant summarily terminated her employment effective June 14, 2007. DiSavino Dec., Exhibit C.

On December 1, 2008 Scott Satow filed a charge with EEOC alleging that he requested a leave of absence in order to obtain treatment for his disability and that, without engaging in the interactive process, Defendant determined that Mr. Satow was not eligible for leave under the FMLA and summarily terminated his employment effective February 28, 2008 (hereinafter, "the Satow charge"). DiSavino Dec., Exhibit D. Mr. Satow was also written up for disability-related absences. DiSavino Dec., Exhibit E. With these charges as the springboard, EEOC investigated the class-wide impact of Defendant's policies and procedures and commenced this lawsuit on August 11, 2010.

EEOC served Requests for Documents and Interrogatories on January 14, 2011 and noticed a 30(b)(6) deposition for March 16, 2011. DiSavino Declaration, Exhibit F. The document requests specifically in dispute follow.

Request No. 1

Provide the following for each and every employee who requested a leave of absence related to their own medical condition during the relevant time, regardless of whether the request was granted or denied:

(i) Personnel and medical files;
(ii) Files containing any and all medical reports, correspondence, documents or information relating to or referring to each employee;
(iii) All documents relating to, referring to, reviewed as a result of or generated by each employee's request for a leave of absence, including but not limited to all documents which reflect

       Defendant's effort to engage in the interactive process with each employee;
(iv) All documents relating to, referring to or generated in connection with Defendant's efforts to replace the employee.

Request No. 2

Provide the following for each and every employee who requested a reasonable accommodation for their disability or medical condition during the relevant time:

(i) Personnel and medical files;
(ii) Files containing all medical reports, correspondence, documents or information relating to or referring to each employee;
(iii) All documents relating to, referring to, reviewed as a result of or generated by each employee's request for a reasonable accommodation, including but not limited to any and all documents which reflect Defendant's effort to engage in the interactive process with each employee;
(iv) All documents relating to, referring to or generated in connection with Defendant's efforts to replace the employee, if necessary.

Request No. 22

Provide the following for each and every employee who requested or required more than 7 consecutive days of sick leave during the relevant time:

(i) Personnel and medical files;
(ii) Files containing any and all medical reports, correspondence, documents or information relating to or referring to each employee;
(iii) All documents relating to, referring to, reviewed as a result of or generated by each employee's use of or request for more than 7 consecutive days of sick leave.

DiSavino Dec. Exhibit F.

Additionally, the instructions and definitions provided in EEOC's discovery requests define "the relevant time period" as the period from January 1, 2000 and continuing through the present," unless otherwise indicated. DiSavino Dec. Exhibit F.

4

On February 15, 2011 Defendant provided a written response to EEOC's Request for Documents but did not produce any documents, did not produce a privilege log, and did not provide answers to interrogatories. DiSavino Dec., Exhibit G. Defendant's written response to EEOC's Request for Documents stated its refusal to respond at all to Request Nos. 1 and 2 on grounds of undue burden, and its refusal to provide responses to any discovery requests prior to January 2008, despite EEOC's request for discovery from January 1, 2000. *Id.* Defendant further indicated that documents responsive to the remaining requests would be produced at some unspecified date in the future, albeit covering only the period unilaterally selected by Defendant.[3] DiSavino Dec., Exhibit G.

EEOC notified Defendant of the deficiencies in its initial responses on February 28, 2011 in an effort to confer in good faith to resolve the disputed issues in compliance with Local Rule 37.1(a)(1) DiSavino Dec., Exhibit H.[4] Defendant's reply of March 11, 2011 made clear its continued unwillingness to respond to document requests 1 and 2 or produce discovery relating to the period before January 1, 2008. DiSavino Dec., Exhibit I. Additionally, during subsequent discussions between counsel, Defendant retracted its original willingness to provide a response to Request No. 22 and, after the parties were unable to devise a mutually satisfactory solution, added Request 22 to the category of documents it refused to produce on grounds of undue burden. To date, Defendant has failed to comply with EEOC's request that it delineate, in writing, the rationale supporting its assertion that it would be "unduly burdensome" for Defendant to comply with EEOC's discovery requests.

---

[3] Defendant has failed to provide a date certain for the completion of its discovery production, indicating that it will provide a "rolling production" of the responses it is willing to produce. Four rounds of production, exclusive of document requests 1, 2, & 22, covering the narrow time period chosen by Defendant, have occurred to date. To date, Defendant has not provided answers to interrogatories or a privilege log.

[4] As a result of Defendant's failure to provide discovery, EEOC adjourned the 30(b)(6) deposition which had been scheduled for March 16, 2011. DiSavino Dec., Exhibit H.

5

As EEOC's good faith efforts to resolve this dispute have failed, EEOC seeks relief from the Court so that it may pursue its statutory imperative to obtain relief for persons harmed by Defendant's discriminatory policies, so that it may properly prepare its case against Defendant and so that it may properly refute Defendant's defenses. The documents EEOC seeks with the requests at issue are fundamental and critical to this litigation. EEOC cannot move forward to identify the scope of the harm caused by Defendant's policies until it determines the contours of the class. Practically speaking, EEOC cannot identify witnesses for deposition until it obtains Defendant's records demonstrating how the discriminatory policies manifested and the class members affected. In short, this litigation is stalled without production of these documents.

## ARGUMENT

### I. THE COURT SHOULD GRANT EEOC DISCOVERY FOR THE PERIOD OF JANUARY 1, 2000 TO THE PRESENT SO THAT EEOC MAY PURSUE A REMEDY FOR THE ENTIRE CLASS OF HARMED PARTIES.

Defendant refuses to produce the requested discovery, arguing that "only employees who can allege an adverse action taken after January 2008 can belong to the class of persons for whom Plaintiff could conceivably bring a claim." DiSavino Dec., Exhibit I. Defendant is wrong and should be ordered to produce the discovery. First, Defendant's assertion ignores a plethora of case law, discussed below, which permits production of pre-charge discovery in employment discrimination claims. Second, Defendant improperly treats the individual limitations period and the scope of discovery synonymously, and it compounds the error by erroneously and inexplicably disregarding the timing of the Nydick charge, instead basing its date calculation solely on the filing date of the Satow charge, the second and later of the two charges.

### A. The Temporal Scope of EEOC's Discovery Requests Is Reasonable Under Applicable Law.

The plain language of the Federal Rules of Civil Procedure and the abundance of case law favor production of pre-charge discovery generally. Federal Rule 26(b)(1) permits parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ..." The Rule goes on to provide:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

It is well settled that our "[c]ourts have construed this rule liberally, creating a broad vista for discovery." *Salamone v. Carter's Retail, Inc.*, Docket No.09-5856, 2011 U.S. Dist. LEXIS 8425 at * 27-28___ (D.N.J. Jan. 28, 2011) (citations omitted).

This broad scope of permissible discovery "holds especially true in Title VII cases, where 'courts have been cautioned not to impose unnecessary limitations on discovery.'" *Harris v. Public Service Elec. & Gas Co.*, Docket No.05-2003, 2007 U.S. Dist. LEXIS 5412 (D.N.J. Jan. 24, 2007) at *5-*6, quoting *Kresesky v. Panasonic Comm. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). Indeed, the Third Circuit "frown[s] upon unnecessary discovery limitations in Title VII...cases." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995), cert. denied, 515 U.S. 1159 (1995); *see also Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 55 (D.N.J. 1985).

Consistent with the liberal construction accorded the discovery rules, a determination of the permissible temporal scope of discovery is, likewise, broadly construed. Even in cases involving only individual claims of discrimination, courts routinely extend the scope of discovery to a reasonable number of years prior to the liability period. *See, e.g., James v. Newspaper Agency Corp.*, 591 F. 2d 579 (10th Cir. 1979) (four years); *Lyoch v. Anheuser-Busch*

*Co.*, 164 F.R.D. 62, 67 (E.D. Mo 1995) (four years); *Stevenson v. Gen. Elec. Co.*, Docket No. 1-77-122, 1978 U.S. Dist. LEXIS 15133, at *3 (S.D. Ohio Oct. 4, 1978) (twelve years); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (six-and-a-half years); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D. Pa. 1979) (five years); *Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) (five years).

Courts within the Third Circuit have followed suit. *See Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 55 (D.N.J. 1985) ("the applicable discovery parameters must be broader than the specific, individualized facts upon which [the individual's] claims are based because of the nature of the proofs required to demonstrate unlawful discrimination, which may often be indirect or circumstantial."); *Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000) (Plaintiff permitted to obtain discovery for a period of five years prior to filing of EEOC charge); *Wilson v. International Flavors & Fragrances, Inc.*, Docket No. 09-5475, 2010 U.S. Dist. LEXIS 43405 (D.N.J. May 4, 2010) (5 years); *Harris v. Public Service Elec. & Gas Co.*, Docket No.05-2003, 2007 U.S. Dist. LEXIS 5412, *9-*10 (D.N.J. Jan. 24, 2007) (Judge Chesler reaffirmed the previous order requiring "production of information for ten years preceding the adverse employment decision at issue"); *Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153, 159 (D.D.C. 2003) (temporal scope of permissible discovery was seven years – including four years before plaintiff was employed); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (six-and-a-half years).

Hence, EEOC's effort to obtain relevant pre-charge discovery is supported by the Federal Rules of Civil Procedure and the relevant decisional law. As discussed more fully below, the reasonableness of the temporal scope of EEOC's discovery requests is heightened by the unique posture of this case, a class action brought by EEOC.

### B. EEOC May Seek Relief for the Entire Class of Harmed Individuals.

EEOC enjoys a unique and broad grant of statutory authority to pursue pattern-or-practice claims against private entities unencumbered by the same limitations and obstacles faced by private litigants.[5] *Gen. Tel. Co., v. EEOC*, 446 U.S. 318, 326-29, 331 (1980); *see also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 2914 (2002) (EEOC is the "master of its own case" which is granted statutory "authority to evaluate the strength of the public interest at stake."). EEOC class cases are not subject to Rule 23, are not limited to or defined by charging parties' claims, and are not bound by traditional statutes of limitations. *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1979); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F. 3d 448, 462, 468 (6th Cir. 1999) (EEOC may pursue relief without being constrained by the procedural hurdles that apply to individuals because "Congress vested the EEOC with the responsibility of protecting not only the right of certain aggrieved individuals, but also the public interest generally.").

Consequently, EEOC is empowered to obtain relief for *all* class members harmed by a discriminatory policy, irrespective of the date the harm occurred. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 69 (1984); *Waffle House*, 534 U.S. at 296; *see also Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 347-348 (1977); *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 372-373 (1977) (EEOC not subject to statute of limitations when filing suit).[6] Since EEOC is empowered to seek recovery for the class of persons harmed by Defendant's policy, the temporal

---

[5] EEOC's unique statutory authority, originally rooted in Title VII, was explicitly extended to its powers under the ADA at 42 U.S.C § 12117(a) which grants EEOC "the powers, remedies and procedures set forth in sections 705, 706, 707, 709 and 710 of the Civil Rights Act of 1964..."

[6] Indeed, numerous courts have concluded that no limitations period applied to EEOC pattern-or-practice actions and the same rationale applies to EEOC's powers under the ADA. *See, e.g., EEOC v. Sterling Jewelers, Inc.*, No. 08-00706, 2009 U.S. Dist. LEXIS 122102, at *5 (W.D.N.Y. Oct. 1, 2009); *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359-60 (6th Cir. 1975); *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836 (6th Cir. 1994); *EEOC v. Scolari Warehouse Mkts., Inc.*, 488 F. Supp. 2d 1117, 1136 (D. Nev. 2007); *EEOC v. LA Weight Loss*, 509 F. Supp. 2d 527, 535 (D. Md. 2007); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 944, 966-67 (N.D. Ill. 2001); *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.*, 990 F. Supp. 1059, 1084 (C.D. Ill. 1998); *EEOC v. Rymer Foods, Inc.*, No. 88-10680, 1989 U.S. Dist. LEXIS 9003, at *4 (N.D. Ill. July 28, 1989).

9

scope of the requested discovery, from January 1, 2000 to the present, is relevant, reasonable and necessary.

## II. THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE FUNDAMENTAL, DISPUTED DISCOVERY SINCE DEFENDANT CANNOT SHOW THAT PRODUCTION WOULD BE UNDULY BURDENSOME.

As this case centers on EEOC's allegation that Defendant's policies and practices discriminate against a class of disabled employees, including those who request a leave of absence, nothing could be more vital than the information sought by document requests 1, 2 and 22, concerning the treatment accorded employees who requested or required a leave of absence and/or a reasonable accommodation. Review and analysis of the disputed materials is the only means by which EEOC can effectively and efficiently determine the identity of class members, prepare the proofs needed to present its case and obtain evidence needed to refute Defendant's defenses. These considerations far outweigh any inconvenience, expense or disruption to Defendant associated with production.

Although Defendant initially based its refusal to respond to document requests 1 and 2 on grounds that they are "vague, overbroad and unduly burdensome" and "to the extent that [they] seek information protected by the attorney client privilege, the work product privilege doctrine, and/or other applicable privileges and immunities," it has offered no support for the latter objections and has concentrated its objection on the alleged burdensomeness of production. DiSavino Dec., Exhibit I. Additionally, Defendant has withdrawn its original representation that it would produce documents responsive to document request 22, albeit only from January 1, 2008, and has added it to the list of requests implicating documents that are too burdensome to produce. DiSavino Dec., Exhibit G. Specifically, Defendant has indicated that production of the information sought by document request 22 was burdensome because the response would require

copying some 500 files onto a disc. In essence, Defendant fails to articulate, let alone support, any actual "burden," other than perhaps inconvenience.

Defendant further states that "[e]ven if [requests 1 and 2] were likely to lead to admissible evidence, PHCS does not keep records in a way that would allow it to determine whether a particular employee requested a leave of absence or reasonable accommodation related to any disability or medical condition." DiSavino Dec., Exhibit I. Defendant's assertion that the inadequacies of its record keeping system complicate its ability to retrieve responsive files should not inure to Defendant's benefit.

Further, review of EEOC's investigative file strongly suggests that Defendant has, in fact, culled through its files and has already retrieved information responsive to a significant portion of requests 1, 2 and 22. During the investigation, Defendant identified persons who requested a leave of absence, stated whether the request was granted, the leave start and end date, the reason for the request, the reason for denial of the request, if applicable, and the employee's termination date, where applicable. DiSavino Dec., Exhibit J. This information was provided for the period covering 2005 through most of 2009. Defendant's present complaints that it can not retrieve the requested information are belied by the fact that it has already retrieved at least a portion of the information. *Id.*

In deciding whether limitations on discovery are warranted, Federal Rule of Civil Procedure 26(b)(2)(C)(iii) instructs consideration of whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Consideration of the relevant factors weighs overwhelmingly in favor of granting EEOC's motion to compel.

Weighing the "burden" of production against the remaining factors set forth Federal Rule of Civil Procedure 26(b)(2)(C)(iii) militates in favor of granting EEOC's motion. The relevance of the requested information cannot be seriously questioned here. The disputed discovery concerns the identity and treatment of two categories of employees: those who were accorded a reasonable accommodation and those who were not. The relevance of information concerning those employees who were denied leave is self-evident. It reveals the identity of, and specifics surrounding, persons who may be entitled to relief in this case. EEOC needs this information to identify class members and to properly prepare and present its case. The information contained in Defendant's files can not be obtained elsewhere.

Similarly, the information concerning persons who were granted leave is relevant, if not critical, to EEOC's ability to refute Defendant's defenses. For example, the requested files will disclose details regarding the amount of leave granted, the position held by individuals permitted leave, the mechanisms for finding replacement personnel, and the cost of replacement personnel, among other things. Such disclosures will permit EEOC to analyze, weigh and refute Defendant's contention that providing leave imposes an undue hardship on its business operations.

Additionally, the information concerning persons who requested a reasonable accommodation further informs EEOC's ability to accurately present Defendant's disregard of the requirements of the ADA and to refute Defendant's assertions that its policies and practices are cognizant of and compliant with the mandates of the law.

Failure to produce the disputed discovery will severely impair EEOC's ability to fulfill its statutory obligation to obtain relief for the full class of persons who have been harmed by the challenged policies. Production of the requested discovery is the *only* way for EEOC to identify

individual class members, obtain evidence needed to prove its case and obtain evidence to refute Defendant's defenses.

The prejudicial impact of denying EEOC's motion cannot be overstated. Defendant would reap the benefits of its record keeping failures, at the expense of the public interest and the rights of the disabled employees who have been harmed by Defendant's unlawful policies and practices. This result should not be countenanced by this Court

## Conclusion

For the foregoing reasons, EEOC requests that the Court grant its Motion to Compel in its entirety.

Date: April 21, 2011

Respectfully Submitted

/s/ Rosemary DiSavino
Rosemary DiSavino
Trial Attorney
Equal Employment Opportunity Commission
One Newark Center, 21st Floor
Newark, N.J. 07102
rosemary.disavino@eeoc.gov

13