

A Pennsylvania Limited Liability Partnership
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276

Michael J. Mann
Partner-in-Charge, Princeton Office

William Gibson
direct dial:  609.951.4141
direct fax:  866.679.8432
gibsonw@pepperlaw.com

May 12, 2011

*VIA ECF and First Class mail*

Hon. Douglas Arpert, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: EEOC v. Princeton HealthCare System
     No. 3:10-cv-04126 (JP) (DEA)

Dear Judge Arpert:

  As supplemental authority in support of its Opposition to the EEOC's Motion to Compel, Princeton HealthCare System ("PHCS") respectfully submits the attached Memorandum of Opinion and Order issued on May 10, 2011 in the Northern District of Ohio in Equal Employment Opportunity Commission v. Kaplan Higher Education Corp., No. 1:10-cv-02882 (PAG) (N.D. Oh. May 10, 2011) (Dkt. No. 26) (attached as Exhibit A).  This opinion had not yet been issued at the time PHCS filed its opposition to the EEOC's motion.

  In Kaplan, the court granted the defendant's partial motion to dismiss the EEOC's pattern and practice claim, holding that "the EEOC may only act where a charge of discrimination has been filed, and such charges must be filed within 300 days of the unlawful employment practice."  The Kaplan court relied on the plain language of section 707 and 706, which explicitly provides that the "EEOC may investigate and act on a charge of pattern and practice discrimination, and mandates that such actions must be taken in accordance with the procedures of Section 706."  Accordingly, the Kaplan court held that "if a charge is not filed within that time limitation, the EEOC may not act upon it.  No exception exists in the statute

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Hon. Douglas Arpert, U.S.M.J.
Page 2
May 12, 2011

allowing the EEOC to recover damages for individuals whose claims are otherwise time-barred." (emphasis added.)

The EEOC's briefing in support of its Motion to Compel relied in part on Occidental Life Insurance Co. of California v. EEOC, 432 U.S. 355 (1977), EEOC v. LA Weight Loss, 509 F. Supp. 2d 527 (D. Md. 2007), and EEOC v. Sterling Jewelers, Inc., No. 08-cv-706, 2010 U.S. Dist LEXIS 649 (W.D.N.Y. Jan. 6, 2010) for the proposition that the EEOC is not restricted by the statute of limitations expressed in Section 706. The Kaplan court however, evaluated each of these cases and did not find them persuasive. For instance, the Kaplan court found that EEOC v. La Weight Loss was not persuasive because it acknowledged the language of the statute but found it "not so plain as to warrant the application of the limitations period." The Kaplan court noted that unlike EEOC v. LA Weight Loss, it found the language "to be plain." Finally, the Kaplan court did not find EEOC v. Sterling Jewelers to be persuasive because it relied heavily on Occidental Life Insurance Co. of California v. EEOC, which (i) did not consider Section 707 and (ii) the time limitation of section 706 was only mentioned in a footnote.

Princeton HealthCare System respectfully requests that this Court consider Equal Employment Opportunity Commission v. Kaplan Higher Education Corp. in evaluating the discovery dispute currently before Your Honor.

                Respectfully,

                /s/ William Gibson
                William Gibson

Enclosures
cc:     Rosemary DiSavino, Esq. (w/ enc.) (via email and ECF)