**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | CASE NO. No. 1:10 CV 2882 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Kaplan Higher Education Corporation, | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Partial Motion to Dismiss the Complaint (Doc. 12). This is a discrimination case under Title VII of the Civil Rights Act of 1964, as amended. For the following reasons, defendant's motion is GRANTED.

### FACTS

The following facts are taken from the complaint and the underlying Equal Employment Opportunity Commission charge of discrimination.[1] Plaintiff, the United States Equal

---

[1] Defendant attached the EEOC charge to its motion to dismiss. Such a document is properly considered by the Court in resolving the motion. *See Amini v. Oberlin*

1

Employment Opportunity Commission (hereinafter "EEOC" or "plaintiff"), brings this case against defendant, Kaplan Higher Education Corporation, alleging that defendant has engaged in a nationwide pattern or practice of race discrimination against black job applicants and current employees. Plaintiff brings this case under §§ 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

Shandria S. Nichols filed a charge of discrimination with the EEOC on February 26, 2009, alleging that defendant hired her on February 5, 2009, and then discharged her on February 15, 2009, because of the results of a credit history check. Nichols stated in the charge that she believed she had been discriminated against because she was black and that she also believed black individuals as a class had been discriminated against through the use of credit histories.

Plaintiff filed the complaint on December 21, 2010, alleging that since at least January 2008 defendant has engaged in unlawful employment practices at its facilities in the United States. Specifically, defendant uses credit history information as a selection criterion in hiring and discharge. Plaintiff further alleges that the use of such information has a significant disparate impact on black job applicants and current employees, that the information is not job-related or necessary for defendant's business, and that there are other less discriminatory selection criteria that could be used. Plaintiff alleges that the effect of this practice has been to deny a class of black job applicants and employees equal employment opportunities, and that the practice is part of a continuing course of race discrimination against black applicants and employees.

---

*College,* 259 F.3d 493, 502 (6th Cir. 2001).

2

The complaint contains a single claim of unlawful employment practices. Defendant now moves to partially dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that challenges to employment decisions made more than 300 days prior to the filing of the charge, or before May 2, 2008, are time-barred. Plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* No. 08-3767, 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* No. 08-5013, 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* Nos. 08-3822 and 08-3823, 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

**ANALYSIS**

Defendant argues that the time limitation for filing a charge in § 706(e)(1) of Title VII

applies to limit the period for which plaintiff can obtain recovery on behalf of any individual in a proceeding under § 707. Plaintiff argues that the time limitation does not apply to suits brought by the EEOC under § 707. Plaintiff alternatively argues that the defendant's alleged violation is a continuing violation and that the time limitation does not apply under the continuing violations doctrine. No court of appeals has addressed this issue.[2] The Court addresses each of plaintiff's arguments separately below.

Under § 706, the EEOC may sue on behalf of one or more persons aggrieved by an unlawful employment practice. 42 U.S.C. § 2000e-5(f)(1). Under § 707, the EEOC may "investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission." *Id.* at § 2000e-6(e). The EEOC's ability to act under § 707, however, is subject to the procedures of § 706, as set forth in § 707(e):

> (e) Investigation and action by Commission pursuant to filing of charge of discrimination; procedure. Subsequent to the date of enactment of the Equal Employment Opportunity Act of 1972, the Commission shall have authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission. All such actions shall be conducted in accordance with the procedures set forth in section 706 of this Act.

*Id.* Section 706 contains the following time limitation on filing charges:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall

---

[2] District courts addressing the issue are split. *See EEOC v. Freeman,* No. RWT 09 cv 2573, 2010 WL 1728847, at *2 (D. Md. April 27, 2010) (comparing district court cases).

4

> be served upon the person against whom such charge is made
> within ten days thereafter, except that in a case of an unlawful
> employment practice with respect to which the person aggrieved
> has initially instituted proceedings with a State or local agency
> with authority to grant or seek relief from such practice or to
> institute criminal proceedings with respect thereto upon receiving
> notice thereof, such charge shall be filed by or on behalf of the
> person aggrieved within three hundred days after the alleged
> unlawful employment practice occurred, or within thirty days after
> receiving notice that the State or local agency has terminated the
> proceedings under the State or local law, whichever is earlier, and
> a copy of such charge shall be filed by the Commission with the
> State or local agency.

*Id.* at 2000e-5(e)(1).

### A.   Application of § 706(e)(1) to Suits Under § 707

Defendant argues that the EEOC is barred from seeking relief for any employment decisions that occurred more than 300 days prior to the filing of the charge, or before May 2, 2008.[3] Defendant argues that this result is compelled by the plain language of §§ 706 and 707, as the time limitation is one of the "procedures" set forth under § 706 that is made applicable to § 707 by § 707(e). Defendant further argues that this plain-language reading of the statute is in keeping with Congress's intent to encourage prompt resolution of employment discrimination allegations, even when the plaintiff is the EEOC and not a private party. In support, defendant points out that employers would not be protected by the charge-filing deadline if the EEOC was not restricted by the time limitation in its pattern-or-practice lawsuits.

Plaintiff argues that its right to remedy statutory violations does not depend on the same limitations that apply to individual plaintiffs under § 706. It argues that it does not proceed as a

---

[3] Nichols filed her charge with the Ohio Civil Rights Commission, thus the 180-day limitation would not apply.

5

representative for the person who filed a charge or for any other persons for whom it seeks relief. It proceeds primarily in the public interest, and applying the time limitation of § 706 to a pattern-or-practice suit under § 707 is contrary to Congress's intent for the EEOC to have primary responsibility to root out systemic discrimination in the workplace. Plaintiff argues that under § 707, there is no time period limiting the scope of remedies that it can use to redress a pattern or practice of discrimination, and that courts have held that actions brought by the EEOC under § 707 are not subject to the time limitation of § 706(e).

Upon review, the Court finds that the time limitation in § 706(e)(1) is applicable in this case. The plain language of § 707(e) authorizes the EEOC to investigate and act on a charge of a pattern or practice of discrimination, and mandates that such actions be taken in accordance with the procedures of § 706. Section 706 requires a charge to be filed, under the facts of this case, within 300 days after the allegedly unlawful employment practice occurred. Thus, the EEOC may only act where a charge of discrimination has been filed, and such charges must be filed within 300 days of the unlawful employment practice. Plainly, if a charge is not filed within that time limitation, the EEOC may not act upon it. No exception exists in the statute allowing the EEOC to recover damages for individuals whose claims are otherwise time-barred.

Although plaintiff argues that courts have held that the time limitation of § 706(e)(1) does not apply to pattern or practice suits under § 707, the Court respectfully disagrees with the reasoning of those decisions. Plaintiff relies primarily on *EEOC v. LA Weight Loss,* 509 F. Supp. 2d 527 (D. Md. 2007) and *EEOC v. Sterling Jewelers, Inc.,* No. 08-CV-706, 2010 WL 86376 (W.D.N.Y. Jan. 6, 2010).

In *LA Weight Loss,* the court acknowledged the language of the statute but held that the

6

language "is not so plain as to warrant the application of § 2000e-5(e)'s limitations period for individual charges to pattern-or-practice claims brought by the EEOC under § 2000e-6." 509 F. Supp. 2d at 535. The court held that it would not apply the time limitation because applying the limitation would be inconsistent with the nature of a pattern or practice violation, and because it would interfere with the EEOC's ability to use broad-scale action to investigate charges of systemic discrimination. This Court, however, finds the language of §§ 706(e)(1) and 707(e) to be plain.

In *Sterling Jewelers,* the court found that the time limitation did not apply because the EEOC was not restricted to bringing a suit based only upon the claims in the charge of discrimination.[4] The court relied heavily on *Occidental Life Insurance Co. of California v. EEOC,* 432 U.S. 355 (1977), for the principle that "the sole limitation on the EEOC's ability to proceed with an enforcement action is that *a* charge be filed with the EEOC within 300 days of *a* violation" and if that occurs, then the "EEOC's complaint need not be limited in scope to violations occurring within that period." *Sterling Jewelers,* 2010 WL 86376 at *5 (emphasis in original). The issue in *Occidental*, however, was whether the EEOC was time-limited in its

---

[4] In so holding, the court in *Sterling* relied upon *General Telephone Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 331 (1980), which addressed whether the EEOC was required to meet the class-action requirements of Fed. R. Civ. P. 23. In holding that Rule 23 did not apply to actions brought by the EEOC in its own name to enforce federal law, the Supreme Court stated with respect to Rule 23's typicality requirement: "The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims. . . . Yet the Courts of Appeals have held that EEOC enforcement actions are not limited to the claims presented by the charging parties. Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Id.* (citing *EEOC v. General Electric Co.,* 532 F.2d 359, 366 (CA4 1976); *EEOC v. McLean Trucking Co.,* 525 F.2d 1007, 1010 (CA6 1975)). The Supreme Court did not address any time limitations on such claims.

7

ability to bring suit in federal court pursuant to § 706(f)(1), not the temporal scope of that lawsuit. In holding that the EEOC was not subject to the time limitation to bring suit, the Supreme Court stated in this regard:

> The 1972 Act expressly imposes only one temporal restriction on the EEOC's *authority to embark upon the final stage of enforcement - the bringing of a civil suit in a federal district court:* Under § 706(f)(1), the EEOC may not invoke the judicial power to compel compliance with Title VII until at least 30 days after a charge has been filed. But neither § 706(f) nor any other section of the Act explicitly requires the EEOC to conclude its conciliation efforts and bring an enforcement suit within any maximum period of time.

*Occidental,* 432 U.S. at 360 (emphasis added). The time limitation of § 706(e)(1) is mentioned only in a footnote, and § 707 is not considered at all. *Id.* at 360 n.8. Accordingly, the Court does not find *Sterling's* reasoning persuasive.

Additionally, the Court finds that the EEOC's ability to root out systemic discrimination in the workplace is not hampered by the application of § 706(e)(1). The time limitation will primarily prevent the EEOC from recovering monetary damages on behalf of individuals with stale claims. As the Court finds the plain language of the statute controlling in this case, the Court declines to address plaintiff's arguments relating to legislative history and congressional intent.

**B.       Application of the Continuing Violations Doctrine to Plaintiff's Claim**

The "continuing violations" doctrine is an exception to the time limitation of § 706(e)(1). It applies to claims, such as hostile work environment claims, that involve repeated conduct occurring "over a series of days or perhaps years, and in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *National R.R. Passenger Corp. v. Morgan,*

8

536 U.S. 101, 115 (2002).[5] These claims are "based on the cumulative affect [sic] of individual acts." *Id.* The continuing violations doctrine allows a court, when faced with such an actionable claim, to "review all such conduct, including those acts that occur outside the filing period" for the purpose of determining liability. *Id.* at 116. The Supreme Court held that "[a] hostile work environment claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice." *Id.* at 117. For this type of unlawful employment practice, the Supreme Court held:

> It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.*

The Supreme Court in *Morgan* also defined discrete acts: "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Id.* at 111. The *Morgan* Court gave examples of easily identifiable discrete acts: "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114. Unlike a continuing violation claim, "discrete acts are not actionable if time barred, even when they are related to acts alleged

---

[5] *Morgan* was not a pattern or practice claim and declined to consider the timely filing question of pattern or practice claims brought by private litigants. The definitions it sets forth for discrete claims and its discussion of the continuing violations doctrine, however, are valuable.

9

in timely filed charges." *Id.* at 113.[6]

Plaintiff argues that the EEOC has the power to bring a pattern or practice suit under § 706, and that where a pattern or practice of discrimination is proven under that section, all unlawful acts that are part of that pattern or practice– both preceding and following the 300-day charge filing limitation– are actionable and subject to complete remedies. Plaintiff's position is that defendant's practice of using credit history as a selection criterion in its hiring and firing decisions is a continuing violation because the event which triggers liability is the statistically significant impact of defendant's policy manifested over time, not any discrete failure to hire or discharge. Plaintiff argues that defendant's allegedly discriminatory policy is more analogous to a hostile work environment claim than to a series of discrete acts, because the pattern or practice of discrimination produced by the policy would not become apparent to most untrained observers until the employer has implemented it with sufficient frequency to permit assessment of its class-wide adverse impact.

Defendant argues that decisions to refuse to hire and to terminate employment are discrete acts and are not subject to the continuing violations exception. Defendant also argues that plaintiff cannot point to any authority for its argument that disparate impact claims are similar to hostile working environment claims.

Upon review, the Court finds that the continuing violations doctrine does not apply to plaintiff's claim. Refusing to hire and terminating employment are discrete decisions. *See Morgan,* 536 U.S. at 114; *Ferguson v. Snow,* 185 Fed. Appx. 456, at *6 (6th Cir. 2006) (refusing

---

[6] *Morgan* noted that the time limitation does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Id.* at 113.

to consider a series of instances of non-promotion as a hostile work environment instead of as discrete acts). Even in a pattern-or-practice case such as this, the discrete decisions to refuse to hire and to terminate employment cannot be linked together to create a continuing violation. Each refusal to hire or termination occurred on a readily-identifiable date certain, and is subject to the time limitation of § 706(e)(1). The Court notes that the charging party in this case, Shandria S. Nichols, stated in her charge that she believed she had been discriminated against because of her race through the use of her credit history. In so doing, she identified an instance of alleged race discrimination and the date that it occurred. Thus, this case is not like a hostile work environment claim, where instances of individual conduct may not be actionable on their own but instead must be aggregated over days or even years to constitute an unlawful employment practice. Accordingly, the continuing violations exception to the time limitation under § 706(e)(1) does not apply to plaintiff's claim.

### **CONCLUSION**

For the foregoing reasons, defendant's Partial Motion to Dismiss the Complaint is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/9/11