

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21st Floor
Newark, NJ  07102-5233
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Newark Status Line:  (866) 408-8075
Newark Direct Dial:  (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

Rosemary DiSavino
Trial Attorney
Phone (973) 645-6430
Fax (973) 645-4524
rosemary.disavino@eeoc.gov

May 13, 2011

via ECF and First-Class Mail

Hon. Douglas E. Arpert, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

      Re: EEOC v. Princeton HealthCare System
        No. 3:10-cv-04126 (JP) (DEA)
        Motion Date:  May 16, 2011

Dear Judge Arpert,

  EEOC respectfully requests that the Court accept this brief response to Defendant's May 12, 2011 submission of "supplemental authority" in opposition to EEOC's Motion to Compel Discovery.

  EEOC strongly urges the Court to disregard the decision relied on by Defendant as "authority."  As is true of similar authority relied on by Defendant, *EEOC v. Kaplan Higher Educ. Corp.*, Docket No. 1:10-cv-2882, 2011 U.S. Dist. LEXIS 50035 (N.D. Ohio, May 10, 2011) is a non-binding out-of-circuit decision that does not address the temporal scope of discovery in a pattern-or-practice case and is therefore distinguishable from the present matter.

  Moreover, the proposition for which Defendant cites *Kaplan Higher Educ. Corp.* is irrelevant to the present motion.  As set forth more fully in EEOC's submissions to the Court, the temporal scope of discovery sought by EEOC here is reasonable under the appropriate standard, and the Court need not reach the question of the statute of limitations, if any, that would govern who could obtain relief in this unlawful policy case.

  Thank you for your consideration in this matter.

        Respectfully Submitted,

        s/ Rosemary DiSavino
        ROSEMARY DISAVINO

cc:  William Gibson, via ecf & email