**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON HEALTHCARE SYSTEM,<br><br>Defendant. | Civil Action No.:<br>10-4126 (PGS)<br><br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant Princeton Healthcare System's ("PHCS") motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 25). Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed a complaint alleging that the Defendant engaged in unlawful employment practices in violation of Section 102 of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. The EEOC is authorized to bring this action pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which enables the EEOC to file suit on behalf of individuals aggrieved by an unlawful employment practice. For the reasons set forth below, the Defendant's motion for partial summary judgment is granted.

**I. Facts**

On July 31, 2007, Suzanne F. Nydick ("Nydick") filed a charge with the EEOC ("Nydick Charge") alleging that her employer, PHCS, unlawfully denied her request for a medically-necessary leave because she had not worked enough hours in the preceding twelve months to qualify for leave under the FMLA. Pl.'s Stmt. Mat. Fact ¶¶ 1-2. On June 29, 2009, the EEOC issued a Determination Letter stating that it was "unable to conclude that the information obtained establishes a violation

with respect to [Nydick's] allegations that she was discriminated against regarding the basis of sex." Supp. Br., Gibson Decl., Ex. D. However, on August 15, 2008, the EEOC had previously notified PHCS that as a result of information arising out of its investigation of Nydick's claim it was expanding its investigation to include an examination of possible violations of the ADA. Pl.'s Stmt. Mat. Fact ¶ 5.

On December 1, 2008, Scott Satow ("Satow") filed a charge with the EEOC ("Satow Charge") alleging that PHCS denied his request for leave to obtain treatment for his disability because he was ineligible under the FMLA. Opp'n Br., DiSavino Decl., Ex. F. Satow alleged that PHCS failed to engage in an interactive process regarding a reasonable accommodation, disciplined him for disability-related absences, and improperly terminated him thereafter. *Id.* The EEOC investigated the Nydick and Satow claims together and determined that "credible documentary evidence shows that [PHCS's leave] policy does not make any exceptions for employees who are qualified individuals with a disability under the ADA." Pl.'s Stmt. Mat. Fact 9; Opp'n Br., DiSavino Decl., Ex. I. In its Complaint, the EEOC alleges that PHCS's policy resulted in the termination of a class of employees and former employees covered by the ADA. Am. Compl. ¶ 8(c).

On August 11, 2010, the EEOC filed its complaint under Title I of the ADA and Title I of the Civil Rights Act of 1991 ("CRA"), "to correct unlawful employment practices based on disability and to provide relief to Scott Satow . . . and a class of employees and former employees of PHCS." Compl. ¶ 1. The EEOC filed an Amended Complaint, with PHCS's consent, on January 27, 2012. The EEOC brought this action pursuant to its statutory authority deriving from Sections 706 and 707 of Title VII of CRA, 42 U.S.C. §§ 2000e-5 and 2000e-6. Am. Compl. ¶¶ 1, 3.

The EEOC has been permitted to identify class members on a rolling basis during the litigation. In response to PHCS's First Set of Interrogatories, the EEOC identified Susan Gilli

("Gilli") as one of the purported class members, then known to the EEOC, who was allegedly terminated in violation of the ADA. PHCS employed Gilli as a respiratory therapist and terminated her in 2006. Opp'n Br., Gibson Decl., Ex. B at 6. As such, PHCS now moves for partial summary judgment on Gilli's claim and all other claims related to PHCS's leave policy that allege an adverse employment action occurring more than three-hundred days before the filing of the Satow Charge.

## II.  Legal Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). The non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, the party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Id.* at 248. "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990). Moreover, only

3

disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor, that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 F. App'x. 222, 227 (3d Cir. 2007).

### III. Discussion

**1. Section 706(e)(1) of the Civil Rights Act: Statute of Limitations**

Under Section 706 of the CRA, the EEOC may sue on behalf of individuals aggrieved by an unlawful employment practice. 42 U.S.C. § 2000e–5(f)(1). Under Section 707 of the CRA, the EEOC may investigate and act on a charge if it has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination. *Id.* at §§ 2000e–6(a)–(e). Section 707(e) requires the EEOC to investigate and act on a charge of a pattern or practice of discrimination according to the procedures set forth in Section 706. The time for filing charges is set forth in subsection (e)(1) of Section 706 and provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e–5(e)(1). Pursuant to this subsection, a litigant must first file a charge with the EEOC within either 180 or 300 days after the alleged unlawful practice occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A [Title VII] claim is time barred if it is not filed within these time limits." *Id.*

The EEOC contends that the time for filing charges set forth in Section 706(e)(1) does not apply to it because there is a Section 707 claim alleging discriminatory patterns or practices. Opp'n Br. 7. How the Section 706(e)(1) requirement impacts a lawsuit brought by the EEOC, rather than one brought by an aggrieved individual, is an issue on which courts have issued divergent rulings. *See EEOC. v. Freeman*, No. 09-2573, 2010 U.S. Dist. LEXIS 41336, at *11 (D. Md. April 26, 2010). In some instances, district courts have applied the statute of limitation period to the EEOC based on a plain reading of the statute. *See e.g.*, *Freeman*, 2010 U.S. Dist. LEXIS 41336, at *12; *EEOC v. Bloomberg L.P.*, 751 F. Supp.2d 628, 646-47 (S.D.N.Y. 2010); *EEOC v. Kaplan Higher Educ. Corp.*, 790 F. Supp.2d 619, 623 (N.D. Ohio 2011); *EEOC. v. Optical Cable Corp.*, 169 F. Supp.2d 539, 546 (W.D. Va. 2001); *EEOC v. Sears, Roebuck & Co.*, 490 F. Supp. 1245, 1260 (M.D. Ala. 1980). In other instances, district courts have found that applying a statute of limitations on Section 707 claims does not make intuitive or legal sense "as an EEOC charge alleging a pattern or practice of discrimination involves a continuing violation that is not amenable to a timeliness determination." *See e.g. EEOC v. LA Weight Loss*, 509 F. Supp.2d 527, 535 (D. Md. 2007); *EEOC v. Scolari Warehouse Markets, Inc.*, 488 F. Supp.2d 1117, 1136 (D. Nev. 2007); *EEOC v. Mitsubishi Motor Mfg. of America, Inc.*, 990 F. Supp. 1059, 1084 (C.D. Ill. 1998).

Based on a plain reading of Section 706(e)(1), the Court is unable to accept the EEOC's assertion that the statute of limitations found in Section 706(e)(1) does not apply to claims brought by the EEOC. Section 707 commands that parties adhere to the limitations set out in Section

5

706(e)(1), which clearly bar claims for failure to timely file charges. Nothing in the text of Sections 706 or 707 suggests that the EEOC can recover for individuals whose claims are otherwise time-barred. "If Congress intended to make an exception for the EEOC to revive stale claims under Section 706 and 707, it should have said so." *Freeman*, 2010 U.S. Dist. LEXIS 41336, at *12. Simply because the EEOC has a unique role compared to individual plaintiffs alleging unlawful employment practices does not exempt it from the rules plainly laid out in the controlling statutes. There is no sound reason to read exceptions into the statute which do not exist on its face.

**2. Continuing Violation Theory**

The EEOC argues that the continuing violation doctrine should be applied to render actionable incidents that predate the 300-day charging period. In certain circumstances, the continuing violation doctrine creates an equitable exception to the statute of limitations. "When a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991). However, In *National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the U.S. Supreme Court limited the applicability of the continuing violation doctrine, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." That is because "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* In Morgan, the Court held that the continuing violation doctrine is not applicable to "[d]iscrete acts such as termination, failure to promote, denial of transfer or refusal to hire" because "[e]ach [such] incident of discrimination . . . constitutes a separate actionable 'unlawful employment practice'". *Id.* at 114. The Third Circuit has stated that

6

in addition to those discrete acts listed in Morgan, other discrete acts that constitute a separate actionable claim include: "wrongful suspension, wrongful discipline, denial of training, [and] wrongful accusation." *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). As explained in *O'Connor*, "causes of action that can be brought individually expire with the applicable limitations period." *Id.* at 128[1]. *Wheeler v. Pennsylvania Dept. of Corr.*, No. 07-323, 2009 U.S. Dist. LEXIS 49064, 2009 WL 1653555, at *5 (W.D. Pa. June 11, 2009)). Courts have viewed multiple applications of an employer policy to different individuals on separate occasions as constituting multiple violations and not a single continuing violation. *See Hohider v. UPS*, 574 F.3d 169, 195 (3d Cir. 2009). In a pattern or practice case, the discrete decisions to terminate employment cannot be linked together to create a continuing violation, as a termination occurs on an identifiable date. "The fact that this section 707 action alleges a sort of serial violation involving discrete acts does not convert 'related discrete acts into a single unlawful practice for purposes of timely filing.'" *EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 647 (S.D.N.Y. 2010) (quoting *Morgan*, 536 U.S. at 111). Linking "together a series of decisions . . . under the label of pattern or practice" does not satisfy the continuing violations theory because doing so "does not change the fact that each decision . . . is discrete." *Id.* at 647-48 (quoting *Freeman*, 2010 U.S. Dist. LEXIS 41336, at *6)[2].

Terminations of employment are discrete acts as they occur on a readily identifiable date certain. *See Morgan*, 536 U.S. At 114. Therefore, this Court thus rules that each employment

---

[1] "*Morgan* was not a pattern or practice claim and declined to consider the timely filing question of pattern or practice claims brought by private litigants. The definitions it sets forth for discrete claims and its discussion of the continuing violations doctrine, however, are valuable." *EEOC v. United States Steel Corp.*, 2012 U.S. Dist. LEXIS 101872, 19-25 (W.D. Pa. July 23, 2012) (quoting *EEOC v. Kaplan Higher Educ. Corp.*, 790 F. Supp. 2d 619, 624 n.5 (N.D. Ohio 2011)).

[2] This decision does not address whether EEOC may seek discovery of employment decisions which commenced prior to the limitation on 706 claims. To determine whether a discriminatory pattern or practice occurred over a period of time may require such proof, especially if an injunction is being sought.

termination by PHCS, if unlawful, constitutes a distinct violation, and therefore the continuing violation doctrine does not apply.

**3.  The Triggering Charge From Which The Statute of Limitations Begins To Run**

Defendant argues that the Satow Charge, filed on December 1, 2008 and alleging that PHCS violated the ADA by terminating Mr. Satow without engaging in an interactive process, is the charge that triggers the statute of limitations.  Plaintiff argues that if the statute of limitations is tied to the date an individual administrative charge of discrimination was filed, which this Court has decided that it is, the timing of the earlier Nydick charge, not the Satow charge, is controlling.  Here, the Nydick Charge should control, because even though Satow is called the "Charging Party" in the Complaint, it is clear that the Nydick charge served as an impetus for EEOC's investigation of Defendant's ADA violations, put Defendant on notice, and was a jurisdictional basis for the lawsuit before the Court.  Indeed, the Complaint specifically references both the Nydick and the Satow Charges as jurisdictional prerequisites for this lawsuit.  Compl.  7.

However, Defendants also argue that even if the Nydick charge controls, Ms. Gilli's claim is still time-barred because the statute of limitations would look back 300 days from August 15, 2008, the date that the EEOC informed PHCS that it would be expanding its investigation from a focus on the sex discrimination allegations in Nydick's July 31, 2007 charge to include possible violations of the ADA.  This Court agrees with courts addressing the issue of filing dates for expanded charges that have held that the filing dates were the dates on which the EEOC notified defendants that it was expanding its investigation to encompass the additional charges.  *See Optical Cable Corp.*, 169 F. Supp. 2d at 547; *EEOC v. Freeman*, No. 09-2573, 2011 U.S. Dist. LEXIS 8718, at *2 (D. Md. Jan. 31, 2011).  Therefore, the statute of limitations began to run on October 20, 2007,

i.e. 300 days before August 15, 2008 when the EEOC notified PHCS that it would be investigating possible ADA violations.

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss is granted to the extent that the EEOC may not seek relief for individuals whose claims are based on events that occurred before October 20, 2007. All such claims of discrimination based on events that occurred before October 20, 2007, including Ms. Gilli's claim, are time-barred and therefore dismissed, with prejudice.

ORDER

This matter having come before the Court on Defendant's motion for partial summary judgment [Docket Entry No. 25], and this Court having considered the parties' written submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for the reasons stated above;

**IT IS** on this 18th day of October, 2012,

**ORDERED** that Defendant's motion to for partial summary judgment is GRANTED.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.