UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,
                              :     Civil Action No.: 3:10-cv-04126-PGS-DEA
          Plaintiff,         :
                              :
PRINCETON HEALTHCARE SYSTEM,  :
                              :
          Defendant.       :

## CONSENT DECREE

This lawsuit was initiated on August 11, 2010 by the Equal Employment Opportunity

Commission ("EEOC"), an agency of the United States Government, alleging unlawful

employment practices and seeking appropriate relief for a class of employees who were

adversely affected by such practices. Specifically, EEOC alleges that Princeton HealthCare

System ("Princeton HealthCare") violated the Americans with Disabilities Act, as amended by

the ADA Amendments Act of 2008, (hereinafter collectively "ADA") and engaged in

discrimination against a class of persons with disabilities by applying a policy which fails to

consider provision of a leave of absence as a reasonable accommodation, pursuant to the ADA,

regardless of an employee's eligibility for or entitlement to leave under the Family Medical

Leave Act ("FMLA") and which summarily denied requests for leave without engaging in the

interactive process with persons with a disability. Princeton HealthCare denied the allegations of

the complaint. EEOC has identified individuals who claim to have been adversely affected by

the policies that are the subject of this lawsuit and on whose behalf EEOC has sought to recover

money damages (the "Claimants").

1

The parties desire to settle this action, and stipulate to the entry of this Decree as final and binding between them and Princeton HealthCare's parent organizations, officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates and any other corporation, unit or other entity with which Princeton HealthCare may merge or consolidate or otherwise become affiliated (hereinafter collectively referred to as "Princeton HealthCare"). Any purchaser or entity with which Princeton HealthCare may merge or consolidate shall be bound by this Consent Decree with respect to the operations presently conducted by Princeton HealthCare and set forth on Exhibit A to this Consent Decree, however, nothing in this Consent Decree binds any such purchaser or merger or consolidation partner with respect to its operations that are separate and distinct from either: (a) Princeton HealthCare's present operations, or (b) any extension or addition to Princeton HealthCare's present operations. Before any transfer of ownership, Princeton HealthCare shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of Princeton HealthCare's business, or a purchaser of all or a portion of Princeton HealthCare's assets, and to any potential successors, assigns, subsidiaries, and affiliates, or any corporation, including any entity with which Princeton HealthCare may merge or consolidate. Princeton HealthCare will provide written notice to EEOC seven days before any assignment, succession, acquisition, merger, or consolidation affecting Princeton HealthCare.

The terms of this Decree represent the full and complete agreement of the parties. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

2

## A.    GENERAL PROVISIONS

1.      This Consent Decree resolves the issues raised in EEOC's Complaint in this case and the issues raised in EEOC Charge Numbers 524-2007-00174 and 524-2007-01127, which served as the jurisdictional prerequisites in this case, and Charge Number 524-2013-00031. This Consent Decree does not resolve any other charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than Charge Numbers 524-2007-00174, 524-2007-01127 and 524-2013-00031. EEOC reserves all rights to proceed with the investigation and/or litigation of any other charges and claims including but not limited to the investigation and litigation of any pending or future charges or claims against Princeton HealthCare. This Consent Decree resolves any and all claims that were brought by the EEOC with respect to the Claimants in this lawsuit.

2.      The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

3.      No party shall contest the validity of this Consent Decree.

4.      Princeton HealthCare shall not contest the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or the right of EEOC to bring an enforcement action or proceeding upon the breach of any term of this Consent Decree by Princeton HealthCare.

## B.    INJUNCTION

5.      Princeton HealthCare is enjoined from:

     a.      Utilizing a policy or procedure which determines eligibility for or entitlement to a leave of absence and/or time off based solely on the provisions of the FMLA;

     b.      Failing to engage in the interactive process with employees with a disability, including disabilities caused by, exacerbated by, or related to

3

pregnancy, and including but not limited to, employees who request a leave of absence and/or time off as a reasonable accommodation;

c.   Summarily terminating employees who request a leave of absence and/or time off as a reasonable accommodation to their disability, including disabilities caused by, exacerbated by, or related to pregnancy, because they have exhausted their entitlement to, or are ineligible for, leave pursuant to the provisions of the FMLA;

d.   Requiring employees who return to work from a leave of absence to present a fit for duty certification which states that they are able to return to work without any restrictions; and

e.   Intermingling employee medical records and information with employee personnel files.

6.   Princeton HealthCare is hereby enjoined from retaliating against any individual because that individual: (a) is a beneficiary of this Consent Decree; or (b) has provided information or assistance or participated in any manner in the investigation or litigation of this matter.

7.   Princeton HealthCare shall maintain complete and accurate records of all efforts to provide a reasonable accommodation to employees with a disability, including but not limited to the provision of a leave of absence, and such records shall include the name and job title of each Princeton HealthCare employee charged with commencing and conducting the interactive process with employees with a disability and shall also include:

(a) a list containing the name, address, telephone number, and job title of all employees who request a reasonable accommodation to their disability that includes a leave of absence or time off, the action taken on each request and, if the requested accommodation was not provided or the employee was terminated (voluntarily or involuntarily) or disciplined due to the failure or inability to return work from a leave of absence, the reason(s) the particular action was taken;

(b) a description of the interactive process undertaken with each and every employee who requests a reasonable accommodation that includes a leave of absence and/or time off from work, and the results of the interactive process.

4

## C.    POLICIES AND PROCEDURES

8.    Princeton HealthCare has replaced and revised its policies and practices since this lawsuit was instituted. This Consent Decree resolves the issues raised in the EEOC's Complaint related to Princeton HealthCare's policies and practices. Princeton HealthCare agrees and understands that its policies and practices shall:

(a)    explicitly provide that requests for a leave of absence and/or time off as a reasonable accommodation will be considered pursuant to the provisions of the ADA, as amended, regardless of the employee's eligibility for or entitlement to leave under the FMLA;

(b)    provide for flexibility and individualized consideration of requests for a reasonable accommodation and will not require that the employee use any particular words, such as "reasonable accommodation" or "disability" in order for Princeton HealthCare to commence the interactive process to determine whether a reasonable accommodation can be provided to persons with a disability;

(c)    recognize Princeton HealthCare's legal obligation to undertake the interactive process once it is on notice in accordance with the ADA that an employee requires a reasonable accommodation to his or her disability;

(d)    treat a medical condition or complication that is caused or exacerbated by pregnancy no differently than other medical conditions for the purpose of determining whether an employee is disabled, engaging in the interactive process, and evaluating whether the employee is entitled to a leave of absence and/or time off as a reasonable accommodation to a disability;

(e)    not require employees who return to work from a leave of absence or time off provided pursuant to the ADA to provide a medical certification which states that they are fit to return to work without any restrictions;

(f)    provide that employees with a disability shall not be given progressive discipline and/or verbal or written warnings, with respect to any leave of absence or days off from work Princeton HealthCare provides the employee as a reasonable accommodation to his/her disability in accordance with the requirements of the ADA;

(g)    provide for appropriate discipline of any officer, agent, administrator, department director, manager, supervisor, or employee who violates these policies;

5

(h)     contain policies and procedures for receiving, investigating and resolving reports, complaints or allegations of discrimination, harassment, denial of requests for leave of absence, refusal to engage in the interactive process and retaliation and provide for a toll-free number, 1-800-779-4035, or 609-430-7789, that individuals can call to report suspected discrimination, harassment, denial of requests for leave of absence, failure to engage in the interactive process, retaliation, or any other conduct believed to be discriminatory. The toll-free number will be included in all relevant Princeton HealthCare policies and procedures and will be posted at Princeton HealthCare's headquarters and at all its locations, units and job sites in places that are physically and visually accessible to employees.

9.      Princeton HealthCare will distribute its written policies and procedures to all new employees at the time such individuals start their employment. Distribution may be made electronically.

### D.     NOTICES AND POSTINGS

10.     Within 14 business days of the entry of this Consent Decree, Princeton HealthCare will conspicuously post and maintain a copy of all EEO posters as required by federal law, at all Princeton HealthCare locations, units, and job sites in places that are physically and visually accessible to all of Princeton HealthCare's employees.

11.     Within 14 business days of the entry of this Consent Decree, Princeton HealthCare will conspicuously post and maintain, at all Princeton HealthCare locations, units, and job sites in places that are physically and visually accessible to all of Princeton HealthCare's employees, a copy of a remedial Notice pursuant to this Consent Decree, a copy of which is attached as Exhibit B, printed on EEOC letterhead, and will provide a copy to all employees. Princeton HealthCare may distribute the Notice to its employees via email.

12.     Within 14 business days of the entry of this Consent Decree, Princeton HealthCare's CEO will send a memorandum to all employees re-emphasizing Princeton HealthCare's commitment to abide by all federal laws prohibiting employment discrimination,

6

including laws prohibiting disability discrimination and retaliation. The memorandum will include the telephone number employees can use to report or complain of suspected discrimination, failure to accommodate, failure to engage in the interactive process, harassment, or retaliation. Princeton HealthCare may distribute the memorandum to its employees via email. A copy of the memorandum is attached as Exhibit C.

13.     Within 14 business days of the entry of this Consent Decree, Princeton HealthCare will conspicuously post and maintain, at all of Princeton HealthCare's locations, units, and job sites in places that are physically and visually accessible to all of Princeton HealthCare's employees, a copy of Exhibit C.

14.     Within 21 business days of the entry of this Consent Decree, Princeton HealthCare will send written verification to EEOC that the remedial Notice and memorandum by Princeton HealthCare's CEO have been posted and that Princeton HealthCare's policies and procedures have been communicated to employees as required by this Consent Decree.

**E.     TRAINING**

15.     Princeton HealthCare will provide all of its employees mandatory training in federal laws prohibiting employment discrimination, with an emphasis on the provisions of laws and regulations which prohibit discrimination against persons with disabilities as provided for by the ADA. That training shall, at a minimum, include the following:

(a)     In-person training of all new employees within three months of the date they begin their employment, which may be conducted by properly trained and supervised Princeton HealthCare human resources personnel and which shall include training on:

(i)     Princeton HealthCare's policies and procedures prohibiting employment discrimination, including those which require that Princeton HealthCare engage in the interactive process with any employee with a disability and  provide a reasonable accommodation, including but not limited to a

7

leave of absence and/or time off to such persons without regard to that individual's eligibility for or entitlement to leave under the FMLA;

(ii)     The methods for reporting incidents of suspected discrimination on the basis of disability, defined as including a failure to provide a reasonable accommodation, including but not limited to a leave of absence, and/or a failure to engage in the interactive process, and retaliation;

(iii)    The fact that Princeton HealthCare provides for flexibility and individualized consideration of requests for a reasonable accommodation and will not require that the employee use any particular words, such as "reasonable accommodation" or "disability" in order for Princeton HealthCare to commence the interactive process to determine whether a reasonable accommodation can be provided to persons with a disability;

(iv)    The fact that Princeton HealthCare is obligated to undertake the interactive process once it is on notice that an employee requires a reasonable accommodation to his or her disability;

(v)     The fact that the employee is not required to contact any particular person(s) in order to trigger Princeton HealthCare's obligation to engage in the interactive process, and the process all supervisory employees are expected to undertake if an employee makes any such request of him/her.

(vi)    The ways in which Princeton HealthCare will investigate reports, complaints, or allegations of suspected disability discrimination, which shall by definition include failure to engage in the interactive process and failure to provide a reasonable accommodation, and retaliation, as well as the policies and procedures for resolving such reports, complaints or allegations;

(vii)   The fact that Princeton HealthCare will not treat a medical condition or complication that is caused or exacerbated by pregnancy differently than other medical conditions for the purpose of determining whether an employee is disabled, engaging in the interactive process, and evaluating whether the employee is entitled to a leave of absence and/or time off as a reasonable accommodation to a disability regardless of the employee's entitlement to leave pursuant to the FMLA.

(b)     All employees shall be required to complete on-line training on an annual basis re-emphasizing the same subjects described in Section 15(a)(i)-(vii) above. The current on-line training modules including these provisions have been provided to EEOC and satisfy the

8

provisions of Section 15(a)(i)-(vii). Princeton HealthCare shall implement the new on-line

training modules containing these provisions within 30 days after the Consent Decree is entered.

Any changes to the training materials shall be submitted to EEOC 45 days prior to their use in

the on-line training process. EEOC shall inform Princeton HealthCare within 30 days if it

contends that the changes to the training materials violate the Consent Decree or are not in

compliance with the law.

     (c)   Within 90 days of the date of entry of this decree, or within  90 days of hire or

promotion into such a position, Princeton HealthCare will provide live, mandatory in-person

training of all managers, supervisors, directors, officers, and executives that includes the subjects

described in Section 15(a)(i)-(vii)  above and that:

     (i)    Addresses the fact that Princeton HealthCare provides for flexibility and individualized consideration of requests for a reasonable accommodation and will not require that the employee use any particular words, such as "reasonable accommodation" or "disability" in order for Princeton HealthCare to commence the interactive process to determine whether a reasonable accommodation can be provided to persons with a disability;

     (ii)    Addresses the fact that Princeton HealthCare is obligated to undertake the interactive process once it is on notice that an employee requires a reasonable accommodation to his or her disability;

     (iii)    Addresses the fact that the employee is not required to contact any particular person(s) in order to trigger Princeton HealthCare's obligation to engage in the interactive process, and the process all supervisory employees are expected to undertake if an employee makes any such request of him/her;

     (iv)    Addresses that stereotypes, bias and blanket assumptions may not be used as a basis for employment decisions;

     (v)    Discusses the revised written policies and procedures to ensure that Princeton HealthCare engages in the interactive process with qualified persons with disabilities and provides a reasonable accommodation, including but not limited to, a leave of absence to such employees;

9

(vi)   Addresses how Princeton HealthCare will investigate reports, complaints or allegations of suspected discrimination against persons with disabilities, including but not limited to complaints that Princeton HealthCare failed to engage in the interactive process and/or failed to provide a reasonable accommodation and/or that Princeton HealthCare has engaged in retaliation and Princeton HealthCare's policies and procedures for resolving such reports, complaints or allegations;

(vii)  Instructs the officers, directors, administrators, department directors, managers, and supervisors that if they learn of or see possible incidents or reports of discrimination against persons with disabilities, including the failure to provide a reasonable accommodation or a failure to engage in the interactive process, or retaliation, they are required to immediately report it to the appropriate personnel;

(viii) Stresses that officers, directors, administrators, department directors, managers and supervisors have an obligation to cooperate with the EEO Coordinator;

(ix)   Stresses that retaliation against individuals who engage in protected activity under the ADA will not be tolerated, and that individuals who engage in discrimination on the basis of disability, including failing to engage in the interactive process and/or provide a reasonable accommodation or retaliation, will be disciplined.

Any in-person trainings undertaken in compliance with Section 15(c) of this Decree shall be conducted by an outside vendor skilled in providing such training and approved by EEOC. Supervisors who have attended this training prior to the date of entry of the Consent Decree shall not be required to re-attend. After the date of entry of the Consent Decree, this training may be provided in a live webinar format, meaning that the trainer provides live training attended by the supervisors via computer, requiring input from the attendee to insure active engagement. Princeton HealthCare has provided EEOC with materials to be used and/or distributed at its employee trainings and shall provide any revised materials to EEOC before using them in the training sessions and/or modules. EEOC shall inform Princeton HealthCare within 30 days if it contends that the changes to the training materials violate the Consent Decree or are not in compliance with the law.

10

Princeton HealthCare shall provide EEOC with written notice that training is to occur at least 14 business days in advance and shall permit EEOC personnel to attend training sessions and programs.

Princeton HealthCare will maintain records identifying the name and job title of attendees at each training session and will provide a copy of such records to EEOC within 30 business days of each session.

### F.   MONETARY RELIEF

16.   Within 15 business days of entry of the Consent Decree, Princeton HealthCare will pay the total sum of $1,350,000 in resolution of EEOC's complaint.

17.   Such funds shall be distributed by EEOC to the named Claimants as backpay or compensatory damages in amounts to be determined within EEOC's sole discretion. Within 10 business days of entry of the Consent Decree, EEOC will provide Princeton HealthCare with a document, to be filed under seal, in the form of Exhibit D, setting forth the names of the Claimants, their current addresses, and the allocations of their awards as backpay and/or compensatory damages.

(a)   EEOC shall be solely responsible for the designation of each Claimant's distribution as back pay or compensatory damages;

(b)   Each designated Claimant will be individually and exclusively liable for the payment of any and all federal and states taxes which may be due or become due in connection with his or her individual awards;

(c)   Princeton HealthCare will make all applicable withholdings from the back pay payments for federal, state, and local income taxes, and for employee Social Security taxes

11

pursuant to the Federal Insurance Contribution Act ("FICA"), using the latest W-4 Princeton HealthCare has on file for each such person.  Princeton HealthCare will be responsible for paying its employer share of any costs, taxes, or Social Security required by law to be paid by the employer.  Princeton HealthCare will issue a W2 form in connection with all back pay payments, and will issue withholdings statements detailing all legal withholdings made at the time the checks are issued.  Payments made to a deceased claimant shall be made to the estate of the deceased claimant in accordance with applicable Internal Revenue Service Rules and Regulations.

(d)     Princeton HealthCare will issue a 1099 form in connection with all compensatory damage payment amounts, using the latest W9 form Princeton HealthCare has on file for each such person.

(e)     Absent extenuating circumstances, should any claimant fail to claim his or her award by cashing his or her checks within 180 days of issuance, the award shall be distributed to a disability rights organization chosen by EEOC.  Princeton HealthCare will notify EEOC of any unclaimed funds 220 days after all funds have been distributed to the Claimants and will distribute the unclaimed funds with 14 days after receiving the name and address of the disability rights organization from EEOC.

G.     MONITORING AND REPORTING

18.     EEOC may monitor Princeton HealthCare's compliance with the Consent Decree throughout the duration of the Decree through inspection of Princeton HealthCare's premises and records, interviews with current and former employees, and attendance at its training seminars, and EEOC will provide reasonable notice of its intention to conduct interviews with current employees while at work and of premises inspections.

12

19.    Within 14 business days of the entry of this Consent Decree, Princeton

HealthCare will begin to maintain and thereafter will continue to maintain records of all reports,

complaints, or allegations that Princeton HealthCare failed to provide a leave of absence, and/or

time off as a reasonable accommodation to a person with a disability and/or that Princeton

HealthCare failed to engage in the interactive process with a person with a disability who

requests time off and/or a leave of absence as a reasonable accommodation to her or his

disability, and will comply with EEOC's record-keeping regulations.  Every 6 months, Princeton

HealthCare will provide EEOC with a report summarizing all reports, complaints or allegations

of suspected disability discrimination (as defined above) Princeton HealthCare has received.

The report, at a minimum, will contain the following information for each complaint, allegation

or report of suspected disability discrimination: the name, job title, work and personal address,

phone number and email address for each person making the report, complaint or allegation; the

name, job title, work and personal address, phone number and email address for each person

alleged to have engaged in discrimination; the name, job title, work and personal address, phone

number and email address for each person subjected to the alleged discrimination; the dates of

the alleged discrimination; a summary description of the alleged discrimination; the names, job

title and work and personal address, phone number and email address for each witness to the

alleged discrimination; a summary of the steps taken during the investigation and dates those

steps were taken including the names of those interviewed during the investigation; the results of

the investigation; a description of any disciplinary action taken and the dates of such disciplinary

action.  A final report will be sent to EEOC 84 business days before the date of the expiration of

this Decree.

13

20.     Commencing within three months of the entry of the Consent Decree, Princeton HealthCare will provide the information set forth in Section 7 to EEOC with respect to any employee who requested or required time off and/or a leave of absence as a reasonable accommodation and was not provided the leave or time off, or was involuntarily or voluntarily terminated or disciplined due to the failure or inability to return to work from a leave of absence. The information will be provided as a Microsoft Excel spreadsheet in electronic .xls format, and will provided to EEOC every six months thereafter.

21.     All materials required by this Decree to be sent to EEOC will be addressed to Consent Decree Monitor, 33 Whitehall Street, 5th Floor, New York, NY 10004 or decreemonitor.nydo@eeoc.gov and to Rosemary DiSavino, Senior Trial Attorney, Equal Employment Opportunity Commission, Newark Area Office, One Newark Center, 21st Floor, Newark, NJ, 07102-5233 or rosemary.disavino@eeoc.gov.

**H.     DURATION AND ENFORCEMENT OF DECREE**

22.     Except as set forth below, this Decree will remain in effect for 4 years from the date of entry.

23.     If EEOC has filed an application with this Court not less than 14 business days before the expiration of this Consent Decree alleging that Princeton HealthCare is not in compliance with any term of this Consent Decree, Princeton HealthCare's obligations under this Decree will not expire while any enforcement action concerning this Decree is pending.

24.     Before filing any application alleging a failure by Princeton HealthCare to comply with the terms of this Consent Decree, EEOC will make reasonable efforts to resolve the issue without court involvement unless EEOC determines that it is in the public interest to seek immediate Court intervention.  EEOC reserves the right to request additional information from

14

Princeton HealthCare to determine whether it is in compliance with the Consent Decree, and

Princeton HealthCare reserves all rights with regard to its response to any such request.

      25.    The Court retains jurisdiction over this action during the duration of this Decree.

The matter may be administratively closed but will not be dismissed during the duration of the Consent Decree.

FOR PLAINTIFF                          FOR PRINCETON HEALTHCARE
                                         SYSTEM

Robert Rose                            Barry S. Rabner, President & , *Chief Executive*
                                         *Officer*
Acting Regional Attorney              PRINCETON HEALTHCARE SYSEM
EQUAL EMPLOYMENT OPPORTUNITY 253 Witherspoon Street
COMMISSION                      Princeton, N.J. 08540
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004
(212) 336-3708

DATED: June 6 , 2014          DATED: May 22 , 2014

**SO ORDERED, ADJUDGED AND DECREED**

DATED: June 25 , 2014    HON.
                                  Hon. Douglas E. Arpert, U.S.M.J.

15

# EXHIBIT A

## Princeton HealthCare System Operations and Affiliated Entities

- University Medical Center of Princeton at Plainsboro
- Princeton House Behavioral Health
- Princeton Rehabilitation
- Princeton Homecare
- Princeton Occupational Health
- Princeton Community Education & Outreach
- Princeton Health International
- Community Connection of PHCS (limited staff; mostly volunteers)
- Ambulatory Surgery Centers (Plainsboro and Monroe) (to the extent PHCS provides employees)
- UMCPP Breast Health Center
- Princeton HealthCare System Foundation, Inc.
- Princeton Affiliated Physicians, P.C., d/b/a Princeton Medicine, Comprehensive OB/GYN Care of Princeton, and Rednor-Risi
- Family Medicine
- Princeton HealthCare Management Services, Inc.
- Princeton Caregivers, Inc.
- Princeton Medical Properties, Inc.
- Princeton Health, Inc.
- Princeton HealthCare System Holding, Inc.
- PHI Pharmacy, Inc. (inactive)
- Princeton HealthCare System Medical Equipment, Inc. (inactive)

# EXHIBIT B

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

## NOTICE TO ALL EMPLOYEES OF PRINCETON HEALTHCARE SYSTEM OF LAWSUIT AND RESOLUTION

The United States Equal Employment Opportunity Commission ("EEOC"), a federal agency charged with enforcing the nation's laws on employment discrimination, brought a lawsuit against Princeton HealthCare System ("PHCS"), EEOC v. Princeton HealthCare System, U.S. District Court, District of New Jersey, Civil Action No. 3:10-cv-04126. EEOC alleged in the lawsuit that PHCS violated the Americans with Disabilities Act as amended ("ADA") through its prior policy of failing to grant leaves of absence as a reasonable accommodation. This notice is being posted pursuant to an agreement between the EEOC and PHCS in settlement of the lawsuit.

Federal law prohibits discrimination in any aspect of employment because of an individual's race, color, sex (including pregnancy), religion, national origin, age, disability, or genetic information. Federal law also prohibits an employer from retaliating against an employee for objecting to or asserting complaints about discrimination or harassment, or cooperating in the investigation or litigation of a charge of discrimination or harassment.

The terms of the Consent Decree require that Princeton HealthCare System:

1. Determine eligibility for a leave of absence and/or time off in accordance with the requirements of the Americans with Disabilities Act, as well as the Family and Medical Leave Act ("FMLA");

2. Engage in the interactive process with disabled employees, including employees with disabilities related to pregnancy, who request a leave of absence and/or time off as a reasonable accommodation;

3. Consider granting or extending a leave of absence and/or time off before terminating an employee with a disability, including disabilities related to pregnancy, when the employee has exhausted or is not entitled to FMLA leave;

4. Refrain from retaliating against claimants in this lawsuit, or anyone who has otherwise participated in this case;

5. Not require that employees who return to work from a disability leave provide a medical certification stating that they are fit to return to work without restrictions;

6. Ensure that employee medical records and information are not mixed with employee personnel files;

7. Maintain records of all efforts to provide a reasonable accommodation to employees with a disability;

8. Maintain policies and procedures that provide that requests for leave as a reasonable accommodation will be considered, regardless of FMLA eligibility;

9. Maintain policies and procedures that recognize Princeton HealthCare System's legal obligation to engage in the interactive process when an employee requests a reasonable accommodation;

10. Maintain policies and procedures for receiving, investigating and resolving allegations of discrimination, harassment, denial of requests for leave of absence, refusal to engage in the interactive process and retaliation;

11. Pay $1,350,000 in monetary damages to specific persons who were previously identified by EEOC as claimants in this lawsuit;

12. Provide training to all current and future employees, managers, and supervisors on the requirements of the ADA;

13. Report to EEOC all allegations of suspected disability discrimination Princeton HealthCare System has received, and all denials of leave as a reasonable accommodation;

14. Post this Notice and an EEO poster on federal anti-discrimination laws, and distribute a memo to all employees emphasizing Princeton HealthCare System's commitment to abide by the requirements of the ADA.

If you have any complaints of discrimination, you may contact the Princeton HealthCare System EEO Coordinator [insert name and telephone number] and/or:

Equal Employment Opportunity Commission
Newark Area Office
One Newark Center, 21st Floor
Newark, NJ  07102
(800) 669-4000

You may obtain a full copy of the Consent Decree in this case by calling 973-645-4684.

This is an official legal notice and must remain posted for 4 years from the date of posting and may not be altered, defaced, or covered by any other material.


DATED: _____

# EXHIBIT C

# M E M O R A N D U M

**TO:**      PHCS Employees

**FROM:**    Barry S. Rabner
             President and CEO

**DATE:**    [DATE]

**RE:**      PHCS Commitment to our Employees

---

I would like to take this opportunity to re-emphasize PHCS's commitment to abide by all federal

laws prohibiting employment discrimination, including laws prohibiting disability discrimination

and retaliation.  On [DATE], Princeton HealthCare System entered a consent decree with the

United States Equal Employment Opportunity Commission that addresses certain former PHCS

policies and procedures dealing with employee leave and the Americans with Disabilities Act.

The attached Notice contains additional details about the consent decree.  The policies at issue in

the consent decree have not been in place for some time.  PHCS' current leave policy is available

on Euclid Policy Manager.


If you believe you have been discriminated against, harassed or retaliated against by anyone at

PHCS, or if you believe that PHCS has failed to provide a reasonable accommodation for your

disability or to engage in an interactive process regarding your disability, you may call Marcia

Telthorster at 609-853-7409 or the Compliance Hotline at 1-800-779-4035 to report your

concerns.

# EXHIBIT D

FILED UNDER SEAL